# United States Court of Appeals

## For the Eighth Circuit

_____

No. 20-3205

_____

Angela Schuncey Richardson

*Plaintiff - Appellant*

v.

Wendy Kelley, Chief Director, Arkansas State Prison; Dexter Payne, Assistant
Chief of Director, Arkansas State Prison

*Defendant*s

Tami Aiken, Assistant Warden, McPherson Unit

*Defendant - Appellee*

Christopher Johnson, Major, McPherson Unit

*Defendant*

Jeannie Long, CO, McPherson Unit

*Defendant - Appellee*

Clara Robinson, Program Specialist Coordinator, McPherson Unit; D. Golden,
Warden, McPherson Unit

*Defendant*s

Roger L. Ayers, Sergeant, McPherson Unit; Virginia Spence, Coach, McPherson Unit (originally named as V Spence); John Herrington, Assistant Warden, McPherson Unit

*Defendants - Appellees*

_____

Appeal from United States District Court
for the Eastern District of Arkansas - Batesville

_____

Submitted: August 19, 2021
Filed: August 24, 2021
[Unpublished]

_____

Before BENTON, KELLY, and ERICKSON, Circuit Judges.

_____

PER CURIAM.

Arkansas inmate Angela Schuncey Richardson appeals following the district court's[1] adverse grant of summary judgment in her 42 U.S.C. § 1983 action raising equal protection claims related to a prison separation order. Having jurisdiction under 28 U.S.C. § 1291, this court affirms.

After careful review of the record and the parties' arguments on appeal, this court concludes that the district court properly granted summary judgment. *See Whitson v. Stone Cnty. Jail*, 602 F.3d 920, 923 (8th Cir. 2010) (de novo review). Richardson's official-capacity claims for damages were barred by sovereign immunity. The evidence was insufficient to show that Richardson was treated

_____

[1]The Honorable D.P. Marshall, Jr., Chief Judge, United States District Court for the Eastern District of Arkansas, adopting the report and recommendations of the Honorable Patricia S. Harris, United States Magistrate Judge for the Eastern District of Arkansas.

differently from similarly situated inmates, or that any unequal treatment was purposeful and motivated by her race or sexual orientation. *See Patel v. U.S. Bureau of Prisons*, 515 F.3d 807, 815 (8th Cir. 2008) (for equal protection claim, prisoner must show that he is treated differently than similarly situated inmates and that the different treatment is based on suspect classification or a fundamental right); *Lewis v. Jacks*, 486 F.3d 1025, 1028 (8th Cir. 2007) (unequal treatment of persons entitled to be treated alike is not denial of equal protection unless intentional or purposeful discrimination is shown); *Weiler v. Purkett*, 137 F.3d 1047, 1052 (8th Cir. 1998) (en banc) (few individual examples of unequal treatment are insufficient to more than minimally support inference of purposeful discrimination).

The judgment is affirmed. *See* 8th Cir. R. 47B.

_____